# In the United States Court of Federal Claims

Nos. 10-54L
NOT FOR PUBLICATION
(Filed: April 4, 2014)

| | | |
|---|---|---|
| DAFFNEY A. THOMAS, et. al, | ) ) ) | |
| Plaintiffs, | ) ) | Rails-to-Trails; Attorneys' Fees and Costs; 42 U.S.C. § 4654 |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER ON ATTORNEYS' FEES AND COSTS**

**FIRESTONE,** *Judge.*

Pending before the court is plaintiffs' petition for attorneys' fees and costs in this Rails-to-Trails case. Plaintiffs are seeking reimbursement for 1,457.4 hours of work—which amounts to a requested fee of $504,522.50—under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654 ("URA"). Plaintiffs are also seeking reimbursement for $22,541.61 in costs. Thomas v. United States, No. 10-54L, is a class action brought by persons and legal entities that claimed to own land adjoining the railroad right-of-way that became a trail.

All of the plaintiffs alleged that the operation of the National Trails System Act, 16 U.S.C. § 1247(d) ("Trails Act"), resulted in a taking of their property interests in the railroad corridor at issue upon the filing of a Notice of Interim Trail Use ("NITU"),

issued October 26, 2007.  The applicable NITU covered a 13.34-mile section of railroad right-of-way from milepost ONI 210.66 near Cordova to milepost ONI 224 in Memphis, Tennessee.  The Thomas class action covers a 7.02-mile portion of the right-of-way subject to the NITU.  After this court determined liability, the government and plaintiffs agreed on a settlement for just compensation of the 82 claims remaining of the 157 original claims.  The 75 claims not included in that settlement will be dismissed.  This case had been consolidated with Crews v. United States, No. 10-459, which is restricted to a 1.09-mile stretch of the right-of-way conveyed to the railroad by Mullins/Small in 1888 between milepost 216.53 and milepost 217.62.  The cases have now been unconsolidated; this opinion deals only with attorneys' fees and costs requested by the Thomas plaintiffs.

The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654 ("URA"), provides that a court may award to the plaintiff, as part of a judgment, a sum that "will in the opinion of the court" reimburse the prevailing plaintiff for his reasonable costs, including attorneys' fees, that he "actually incurred" because of the takings suit.  Id.  A plaintiff seeking an award of fees and costs under a statute such as the URA, "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Plaintiffs also shoulder the burden of providing sufficient evidence of the reasonableness of the attorneys' hourly rate.  See Hensley, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the . . . rates claimed.").

In awarding fees, the court applies the lodestar method in which the amount of fees awarded is based on the hours reasonably expended multiplied by a reasonable hourly rate. E.g. Bywaters v. United States, 670 F.3d 1221, 1225-26 (Fed. Cir. 2012). The rate to be applied is ordinarily set using the forum rate, which for this court is the Washington, D.C. forum rate. However, an exception to using the forum rate, known as the "Davis exception" is recognized where the "bulk of the work" was performed outside of the forum and the hourly rate for attorneys in the area where the work was performed is significantly lower than the forum rate. Hall v. Sec'y of Health and Human Servs., 640 F.3d 1351, 1353 (Fed. Cir. 2011) (quoting Avera, 515 F.3d at 1349); see also Bywaters, 670 F.3d at 1232-33 (discussing Davis exception). Against this backdrop, the court will first examine the reasonable number of hours and then turn to the appropriate hourly rate.

## I.     Reasonable Number of Hours

As noted above, plaintiffs bear the burden of proving that the number of hours submitted for payment is reasonable and are admonished to exclude from their application hours that are excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434, 437. Here, plaintiffs are seeking reimbursement of attorneys' fees based on 1,457.4 hours of work. The government argues that the number of hours should be reduced for several reasons, which will be discussed in turn.

### A.     Client Development

#### 1.     Prior to Complaint

Plaintiffs request reimbursement for approximately 127.1 hours for work done before the initial complaint was filed in the Thomas class action. The government argues

that hours spent on client development should be excluded from the reimbursement request in this case.  Hours spent on client development are not the type of hours that are typically billed to a paying client.  See Hensley, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).  Plaintiffs respond that the URA allows for reimbursement of a reasonable number of hours spent on preparing a complaint and thus that these hours are reimbursable.

Plaintiffs argue that the work spent before filing the complaint was spent on establishing the facts necessary to file a case on behalf of a class.  Plaintiffs contend that this is not client development, but rather case development.  The court agrees with plaintiffs.  The hours requested do not fall into the category of client development that are typically not reimbursable.  As a result, the 127.1 hours for work undertaken by counsel prior to filing the class action complaint are reimbursable in full.

### 2. After Filing Complaint

After the initial complaint was filed, this court certified a class on October 10, 2010.  The government agrees with plaintiffs that their attorneys were required to spend some time advising existing clients and meeting with potential class members to meet their obligations as class counsel.  However, the government argues that plaintiffs' counsel in this case is also seeking reimbursement for time spent on developing clients for other cases filed in connection with the subject trail.  Plaintiffs argue in response that they have deleted such redundant hours.

The court recognizes that it does not have the records available to ensure that plaintiffs' counsel have deducted all hours attributable to work on other cases. However, it is not necessary for the court to resolve that issue at this time. Absent evidence to the contrary, the court has no reason to doubt plaintiffs' statements and will accept that they have deducted hours for redundant work. The court also has before it the additional Rails-to-Trails cases that relate to this trail, <u>Lambert v. United States</u>, No. 12-395, and <u>Turner v. United States</u>, No. 13-838. Plaintiffs will have to establish in those cases with greater specificity than they do here that they are not seeking reimbursement for the hours of work already reimbursed here. As a result, the 232 hours sought for this time period are reimbursable in full.

### B.     Unsuccessful Claims

The court now turns to the government's argument that some overall reduction in hours is appropriate to account for the fact that plaintiffs did not establish a right to just compensation for 75 of the 157 class members in Thomas. It is well-established in the context of fee-shifting statutes such as the URA that "[w]here [a] plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." <u>Hensley</u>, 461 U.S. at 440; <u>see also</u> <u>Bywaters</u>, 670 F.3d at 1229-30 (the trial court may look at the results obtained in determining the hours reasonably expended when calculating the lodestar).

The government argues that work done on the 75 claims that will be dismissed, which represent 47% of the total claims, should not be reimbursable. Specifically, the

government argues that the court should reduce by 47% the 158.9 hours claims for the preparing the "Claims Book," such that plaintiffs should be reimbursed for only 74.7 hours. With regard to the 9.8 hours that plaintiffs claim investigating and analyzing class members' claims, the government further argues that a 47% reduction is also appropriate, resulting in reimbursement for only 4.7 hours. Finally, the government argues that none of the 29.9 hours related to the investigation of the construction of the Sam Cooper Highway and work on motions to dismiss plaintiffs are reimbursable. Thus, the government seeks a total reduction in the number of hours for unsuccessful claims in the amount of 109.3 hours.

    Plaintiffs argue in response that there is no reason to reduce the hours sought by plaintiffs' success rate on the grounds that the landowners included in the settlement will receive a substantial amount, in excess of several million dollars. Given the success plaintiffs' counsel achieved in this case, plaintiffs' argue that there is no basis for reducing the number of reimbursable hours spent achieving this result. Plaintiffs further argue that their counsel did not incur additional hours or costs based on unsuccessful landowners. Rather, plaintiffs argue that there was substantial overlap between the landowners such that it was necessary to undertake all of the hours incurred. With regard to the government's contention that time spent resolving issues on the Sam Cooper Highway should not be reimbursable, plaintiffs argue that the hours spent on these issues were intertwined in determining and delineating the surrounding claims and thus should not be reduced. According to plaintiffs, the work in defining the bounds of the Sam

Cooper Highway proved to be successful claims because it helped to establish the rights of other landowners to just compensation.

      The court finds that some reduction for work done on claims that were unsuccessful is appropriate. The court agrees with the decision in Gregory v. United States, 110 Fed. Cl. 400, 404,[1] that where, as here, the precision of the fee request does not permit the court to connect specific hours worked to specific claims, a reduction that takes into account the amount of overlapping work between successful and unsuccessful claims should be considered. The court also agrees with plaintiffs, however, that in considering overall success the court should be mindful of the effort necessary to secure the relatively large size of the recovery secured by plaintiffs' counsel on behalf of the successful plaintiffs. In this connection, the court notes the complex issues that were presented in this case, such as defining property lines of a trail located in an urban area and resolving certain boundary issues. Taking all of these factors into account, the court finds that a 23.5% reduction in hours is appropriate for unsuccessful claims. Thus, the 167.7 hours identified by the government shall be reduced by 23.5%. The court agrees with plaintiffs, however, that no reduction is warranted for the hours spent on claims associated with the Sam Cooper Highway. The court finds that this work was so intertwined with the work needed to complete a settlement on successful claims that no reduction for these hours is warranted.

---

[1] In addition, the court agrees with the recent decisions in Biery v. United States, No. 07-693 (Fed. Cl. Jan. 24, 2014), Adkins v. United States, No. 09-503 (Fed. Cl. Jan. 30, 2014), Jenkins v. United States, No. 09-241 (Fed. Cl. Jan. 30, 2014), and Rasmuson v. United States, No. 09-158 (Fed. Cl. Jan. 30, 2014).

### C.    Competing Claims

The government also argues that the 63.2 hours directly attributed to contesting the competing claims between the Crews and Thomas plaintiffs are not reimbursable. The government argues that it was not responsible for the dispute and therefore should not have to reimburse the Thomas attorneys for this work.  The plaintiffs argue that these hours were necessary to ensure that the Crews plaintiffs received all of the compensation to which they were entitled and that resolving these claims was necessary because of the government's taking.  The court agrees with the government.  Accordingly, the 63.2 hours sought for work on competing claims are not reimbursable.

### D.    Excessive and Duplicative Hours

The government argues that plaintiffs' attorneys spent an excessive number of hours researching, drafting, and preparing summary judgment briefs.  The government requests that the hours requested by plaintiffs be reduced by 50% and that plaintiffs should be reimbursed for no more than 64 hours for drafting the motion for summary judgment.  The court has reviewed the time records and concludes that 128 hours was not excessive and that no reduction in hours is appropriate or required.  Similarly, the court does not find that a reduction is required for the 53.5 hours spent preparing for and participating in oral argument for the summary judgment motions.

### E.    Travel Time

Plaintiffs seek reimbursement for 124.3 hours of travel time for their attorneys' and paralegals. The government argues that this amount should be reduced for two reasons.  First, the government argues that only 62 hours should be reimbursed to account

for travel for the purposes of client development. Second, the government argues that travel time generally should be reimbursed at half the applicable lodestar rate. The court has reviewed the cases relied upon by the government and agrees with the government that a reduction in fees for travel time is appropriate. Of the hours of travel time requested by plaintiffs, all of the hours are reimbursable, though at 50% of the lodestar rate.

      **F.**    **Vague Entries**

Finally, the government argues that plaintiffs should not be reimbursed for 7.1 hours of work that the government argues are too vaguely recorded or are part of internal law firm management for which a client would not be responsible. These hours include entries such as "Meeting regarding status of the case," "Work on strategies for prosecution of case," and "Arrange logistics for client meetings." D's Resp. to Mot., Ex. C, ECF No. 118. The plaintiffs object to the government's characterization of those 7.1 hours.

The court has reviewed those hours and agrees with the government that the 7.1 hours represented by these entries are too vague and appear to be covered by other hours plaintiffs claim. As a result, these hours are not reimbursable.

**II.**    **Costs**

In addition to attorneys' fees, the URA allows for reimbursement to a prevailing plaintiff of reasonable costs incurred in connection with the case. In this case, plaintiffs request reimbursement of $27,641.61 in such costs, including $5,000 for costs to close out the case. The government argues that, as with reasonable hours, the costs must be

adjusted to reflect plaintiffs' unsuccessful claims.  The court has reviewed the cost requests and finds that, given the ultimate settlement in this case, plaintiffs' request for $22,641.61 is reasonable and should be reimbursed without any reduction.  However, the court finds that plaintiffs' request for an additional $5,000 for prospective costs associated with closing out the case is not supported.  Plaintiffs shall be entitled only to reimbursement of the actual costs incurred in finalization of the settlement.

### III. Reasonable Billing Rates

The court now turns to the issue of an appropriate billing rate for reimbursable hours.  The court has reviewed the parties' submissions, including their most recent supplemental submissions, and finds that plaintiffs have established that their rates, although at the higher end of the scale for attorneys practicing in St. Louis, are reasonable and justified.  In this connection, the court agrees with plaintiffs that there is no justifiable reason to use different rates than those charged by partners and associates doing the same work at the same firm in Kansas City, Missouri.  The court thus sets a billing rate for Steven M. Wald and J. Robert Sears at $475 per hour.  The rate for associates is set at $275 per hour and the rate for paralegals is set at $175 per hour or $150 per hour depending on the level of experience.

### IV. Conclusion

For the reasons set forth above, the court **GRANTS-IN-PART** and **DENIES-IN-PART** plaintiffs' motion for attorneys' fees and costs.  The parties shall have 15 days from the fairness hearing to submit a proposed judgment, including just compensation with interest, fees, and costs.

The parties shall proceed with finalizing the class action settlement.  Once the parties have finalized the settlement, the parties shall file a joint status report proposing a schedule for final steps, including providing notice of the settlement to class members and setting a date for a fairness hearing.

**IT IS SO ORDERED.**

s/Nancy B. Firestone  
NANCY B. FIRESTONE  
Judge